UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| COALITION FOR FAIR TRADE IN SHOPPING BAGS,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>UNITED STATES,  )<br><br>Defendant.  ) | Court No. 24-00157 |

## COMPLAINT

Plaintiff Coalition For Fair Trade in Shopping Bags ("Plaintiff" or "the Coalition") brings this action to contest the final determination of the antidumping investigation issued by the International Trade Administration, United States Department of Commerce ("Commerce"), entitled *Certain Paper Shopping Bags From Colombia: Final Affirmative Determination of Sales at Less Than Fair Value,* 89 Fed. Reg. 45843 (Dep't Commerce May 24, 2024) and accompanying Decision Memorandum (the "*Contested Determination*"). By and through counsel, Plaintiff alleges the following:

### JURISDICTION

1. Plaintiff brings this action pursuant to section 516A(a)(2)(A)(i)(II) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. § 1516a(a)(2)(A)(i)(II), to review certain aspects of the *Contested Determination*, which was issued pursuant to 19 U.S.C. § 1673d and is described in section 516A(a)(2)(B)(i) of the Act, 19 U.S.C. § 1516a(a)(2)(B)(i).

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING OF PLAINTIFF

3. Plaintiff is an association comprised of Novolex Holdings, LLC (a domestic producer of paper shopping bags) and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (a certified union whose workers who are engaged in the production of paper shopping bags). Plaintiff is thus an "interested party" pursuant to 19 U.S.C. §1677(9)(F) and 19 U.S.C. § 1516a(f)(3). In addition, Plaintiff actively participated as the petitioner in the antidumping investigation that gave rise to the *Contested Determination*. Plaintiff, therefore, is an interested party who was party to the proceeding in connection with the *Contested Determination* within the meaning of 19 U.S.C. § 1516a(a)(2)(A).

4. Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5. Commerce published the *Contested Determination* in the Federal Register on May 24, 2024. *Certain Paper Shopping Bags From Colombia: Final Affirmative Determination of Sales at Less Than Fair Value,* 89 Fed. Reg. 45843 (Dep't Commerce May 24, 2024).

6. On July 18, 2024, Commerce published an antidumping order based upon the *Contested Determination*. *Certain Paper Shopping Bags From Cambodia, Colombia, India, Malaysia, Portugal, Taiwan, the People's Republic of China, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 89 Fed. Reg. 58334 (Dep't Commerce July 18, 2024).

7. On August 16, 2024, Plaintiff initiated this action in accordance with sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i) of the Act, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i), by the filing of a summons within 30 days after publication in the Federal Register of the antidumping order based upon the *Contested Determination*.

8. Plaintiff files this Complaint within the time specified in section 516A(a)(2)(A) of the Act, 19 U.S.C. § 1516a(a)(2)(A), and 28 U.S.C. § 2636(c), which is within 30 days of the filing of the Summons.

## FACTUAL BACKGROUND

9. Commerce initiated this antidumping investigation on June 20, 2023. *Certain Paper Shopping Bags From Cambodia, the People's Republic of China, Colombia, India, Malaysia, Portugal, Taiwan, the Republic of Turkey, and the Socialist Republic of Vietnam: Initiation of Less-Than-Fair-Value Investigations*, 88 Fed. Reg. 41589 (Dep't Commerce June 27, 2023). Commerce selected Ditar, S.A. ("Ditar") as a mandatory respondent. *Certain Paper Shopping Bags From Colombia: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures*, 89 Fed. Reg. 319 (Dep't Commerce Jan. 3, 2024).

10. In its final determination, Commerce made an affirmative finding of dumping with respect to Ditar. *Certain Paper Shopping Bags From Colombia: Final Affirmative Determination of Sales at Less Than Fair Value,* 89 Fed. Reg. 45843 (Dep't Commerce May 24, 2024).

11. In this action, Plaintiff contests certain aspects of the antidumping margin calculations with respect to Ditar and, in turn, with respect to the "all others" rate based on the margin calculated for Ditar.

## STATEMENT OF THE ISSUES

12. In the following respects and for other reasons apparent from the record of the proceeding, the *Contested Determination* is unsupported by substantial evidence on the record or is otherwise not in accordance with law. *See* U.S.C. § 1516a(b)(1)(B)(i).

## COUNT I
## FAILURE TO APPLY TOTAL ADVERSE FACTS AVAILABLE

13. Paragraphs 1 through 12, above, are realleged and reincorporated herein.

14. Ditar's margin in the final determination should have been based on total adverse facts available ("AFA"), pursuant to 19 U.S.C. § 1677e(b). At verification, numerous discrepancies between the data reported in Ditar's responses and the information in the company's normal books and records were discovered. This included errors in reported product characteristics, sales quantities, sales prices and price adjustments, product descriptions, shipment dates, and destinations. It was also discovered at verification that Ditar reported certain transactions as home market sales, even though the merchandise ultimately was destined for export to the United States. Altogether, these issues indicated pervasive material errors in the responses that rendered them unusable for the dumping calculations.

15. Under the statute, determinations must be made on the basis of "facts available" when either "necessary information is not available on the record," or when the respondent "provides such information but the information cannot be verified." 19 U.S.C. § 1677e(a). Here, necessary information was not available on the record, because Ditar's sales responses were so replete with errors as to be unusable. Similarly, those responses could not be verified as being correct.

16. Additionally, an adverse inference was appropriate, because Ditar "failed to cooperate by not acting to the best of its ability to comply with a request for information." 19

U.S.C. § 1677e(b). As a matter of law, it was Ditar's obligation to "put forth its maximum effort" to report its sales data accurately, and the company did not meet that obligation. *See Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1382 (Fed. Cir. 2003). "While the standard does not require perfection and recognizes that mistakes sometimes occur, it does not condone inattentiveness, carelessness, or inadequate record keeping." *Id.* Here, all of the relevant sales data required by Ditar to correctly report product characteristics, shipment dates, destinations, *etc.*, was within the company's possession and control. The pervasive and significant discrepancies between the sales files and the company's source documents identified by Commerce at verification indicated carelessness, at the very least. Ditar failed to put sufficient effort into confirming that the data reported for antidumping purposes matched its business records. Accordingly, total AFA should have been applied.

17. In the final determination, Commerce found that the errors were not sufficiently pervasive or material to render the entire response unusable. Decision Memorandum at 4-10. Commerce also found that the transactions involving merchandise destined for export to the United States were properly reported as home market sales, because Ditar was unaware of the destination at the time of sale. These findings and decisions, however, were unsupported by substantial record evidence and were not in accordance with law.

18. In addition, Commerce declined to apply an adverse inference, because it "did not find a pattern of deception, fraud, or an attempt to misrepresent the material facts of the case." *Id.* at 5. That was not, however, the appropriate legal standard. The statute does not require a finding of intent to deceive; Ditar's simple negligence or failure to put forth its "maximum effort" warranted the application of an adverse inference. Commerce failed to evaluate Ditar's level of cooperation under the applicable *Nippon Steel* standard, and thus its decision is not in

accordance with law.

19. Commerce's decision not to apply total AFA in calculating Ditar's final dumping margin was unsupported by substantial evidence and not in accordance with law.

## COUNT II
## FAILURE TO APPLY PARTIAL ADVERSE FACTS AVAILABLE

20. Paragraphs 1 through 19, above, are realleged and reincorporated herein.

21. Alternatively, Ditar's margin in the final determination at the very least should have been based on partial AFA. Even if Ditar's responses were not unusable in their entirety, the errors discovered at verification created various gaps in the record relating to product characteristics, price adjustments, and destinations that should have been filled using adverse inferences. In the final determination, Commerce declined to apply partial AFA with respect to any of these areas, because it found no gaps in the record. Decision Memorandum at 11-13. According to Commerce, the issues identified by Petitioner either were not errors at all or could easily be corrected with information already on the record. *Id.* These findings and decisions, however, were unsupported by substantial record evidence. In addition, Commerce failed to evaluate Ditar's level of cooperation under the applicable *Nippon Steel* standard, and thus its decision is not in accordance with law. *Id.*

22. Commerce's decision not to apply partial AFA in calculating Ditar's final dumping margin was unsupported by substantial evidence and not in accordance with law.

## COUNT III
## RECALCULATION OF THE "ALL OTHERS" RATE

23. Paragraphs 1 - 22 are incorporated herein by reference.

24. In the *Contested Determination*, the "all others" rate assigned to exporters other than Ditar was understated because that rate was based on the 11.06 percent final margin

calculated for Ditar.  If at the conclusion of this litigation Ditar's margin is revised, the "all others" rate should be recalculated in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

25. Paragraphs 1 - 24 are incorporated herein by reference.

26. For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

    (a)    enter judgment in its favor;

    (b)    declare that, with respect to the issues raised in this Complaint, the *Contested Determination* is unsupported by substantial evidence on the record and is otherwise not in accordance with law;

    (c)    remand the matter to Commerce for redetermination consistent with the Court's opinion; and

    (d)    provide such other relief as the Court deems just and proper.

Respectfully submitted,

September 12, 2024  
Date

/s/ J. Michael Taylor  
J. Michael Taylor  
JMTaylor@KSLAW.com

Daniel L. Schneiderman  
DSchneiderman@KSLAW.com

King & Spalding LLP  
1700 Pennsylvania Avenue, NW  
Washington, DC  20006-4706  
(202) 737-0500

*Counsel for Plaintiff*

**CERTIFICATION OF SERVICE**
*Coalition For Fair Trade in Shopping Bags v. United States*
Court No. 24-cv-00157

This is to certify that on September 12, 2024 I have caused a copy of the foregoing **COMPLAINT** to be served upon the following parties via certified mail, return receipt requested, at the following addresses:

Daniel Bertoni
**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Leslie Kiernan
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, N.W.
Room 5875
Washington, DC 20230

Robert Heilferty, Chief Counsel
Office of the Chief Counsel for Trade
Enforcement & Compliance
**U.S. Department of Commerce**
1401 Constitution Avenue, NW.
Washington, DC 20230-0001

John M. Gurley, Esq.
**ArentFox Schiff LLP**
1717 K Street
Washington DC 20006

Robert George Gosselink, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003

Matt Nakachi
**Nakachi Eckhardt & Jacobson, P.C.**
50 California Street, Suite 1500
San Francisco, CA 94111

*/s/ Daniel L. Schneiderman*
Daniel L. Schneiderman
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500

49439993v15