# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| COALITION FOR FAIR TRADE IN SHOPPING BAGS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Court No. 24-00157<br>) |
| UNITED STATES, | )<br>) |
| Defendant. | )<br>) |

## ORDER

Upon consideration of the motion of Ditar, S.A. (the "Applicant") to intervene as Defendant-Intervenor in the above-captioned matter, and all other pertinent papers, it is hereby

ORDERED that the Applicant's motion to intervene is GRANTED.

_____
Judge M. Miller Baker
U.S. Court of International Trade

Dated:_____, 2024
　　New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| COALITION FOR FAIR TRADE IN SHOPPING BAGS,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES,<br><br>        Defendant. | Court No. 24-00157 |

**CONSENT MOTION TO INTERVENE**
**AS DEFENDANT-INTERVENOR**

Pursuant to Rule 24 of the Rules of this Court, Ditar, S.A. ("Ditar") hereby requests that it be permitted to intervene in the above-captioned action as a Defendant-Intervenor. In support of its request, Ditar states as follows:

1. On August 16, 2024, Plaintiff Coalition for Fair Trade in Shopping Bags initiated this action by filing a Summons indicating its intent to appeal the final determination in the antidumping investigation of certain paper shopping bags from Colombia. *See Certain Paper Shopping Bags From Colombia: Final Affirmative*

-1-

**Consent Motion to Intervene**  Court No. 24-00157

*Determination of Sales at Less Than Fair Value*, 89 Fed. Reg. 45,843 (Dep't Commerce May 24, 2024).

    2.  Ditar is a foreign producer and exporter of the subject merchandise, certain paper shopping bags from Colombia, which were subject to the antidumping duty investigation that is contested here. Ditar therefore is an "interested party" within the meaning of 19 U.S.C. § 1677(9)(A). In addition, Ditar was a mandatory respondent in the antidumping duty investigation, and actively participated in the investigation through the submission of factual information and written argument.  Ditar thus also is a party to the proceeding as defined in 19 C.F.R. § 351.102(b)(29)(i).  Ditar therefore has standing to be heard as a party in interest before this court pursuant to 19 U.S.C. § 1516a(d), and may intervene as a matter of right pursuant to 28 U.S.C. § 2631(j)(1)(B).

    3.  Plaintiff filed its Complaint on September 12, 2024. Therefore, this application is timely pursuant to Rule 24(a), having been made within 30 days after the date of service of the Complaint.

    4.  In accordance with Rule 24(c) of this Court, counsel for Ditar has consulted the other parties to this proceeding with regard to this

**Consent Motion to Intervene**  Court No. 24-00157

motion, and all other parties have consented to Ditar's proposed intervention. In particular, on October 7, 2024, J. Michael Taylor, Esq., of the law firm of King & Spalding LLP, counsel to Plaintiff, consented to this motion via email. In addition, on October 7, 2024, Daniel Bertoni, Esq., of the United States Department of Justice, counsel to Defendant United States, consented to this motion via email.

Based on the foregoing, Ditar respectfully requests that the Court grant its motion to intervene as a matter of right as Defendant-Intervenor in this proceeding.

> Respectfully Submitted,
>
> /s/ Robert G. Gosselink
>
> Robert G. Gosselink
> Jonathan M. Freed
> MacKensie R. Sugama
>
> TRADE PACIFIC PLLC
> 700 Pennsylvania Ave., SE, Suite 500
> Washington, DC  20003
> Tel:  (202) 223-3760
> rgosselink@tradepacificlaw.com
>
> *Counsel to Applicant Ditar S.A.*

October 9, 2024

-3-