UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| COALITION FOR FAIR TRADE IN SHOPPING BAGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant,<br>　and<br><br>DITAR, S.A.,<br><br>　　　　Defendant-Intervenor. | Court No. 24-00157<br><br>**NON-CONFIDENTIAL VERSION** |

**PLAINTIFF COALITION FOR FAIR TRADE IN SHOPPING BAGS'
REPLY BRIEF IN SUPPORT OF RULE 56.2 MOTION
<u>FOR JUDGMENT UPON THE AGENCY RECORD</u>**

　　　　　　　　　　　　　　　　　　J. Michael Taylor
　　　　　　　　　　　　　　　　　　Daniel L. Schneiderman

　　　　　　　　　　　　　　　　　　King & Spalding LLP
　　　　　　　　　　　　　　　　　　1700 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　Washington, DC  20006-4706
　　　　　　　　　　　　　　　　　　(202) 737-0500

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

June 18, 2025

# TABLE OF CONTENTS

I.    COMMERCE ERRED IN CONCLUDING THAT DITAR PROPERLY REPORTED CERTAIN TRANSACTIONS AS HOME MARKET SALES ........................................................................................ 2

II.    COMMERCE ERRED IN FAILING TO CONSIDER THE APPLICATION OF FACTS AVAILABLE ....................................... 13

Ditar's business proprietary information relating to its customer names, sales terms, and product details has been redacted from pages 2-3 and 9-13.

# TABLE OF AUTHORITIES

Page(s)

Cases

*Allegheny Ludlum Corp. v. United States*,
    24 CIT __, 215 F. Supp. 2d 1322 (2000) ................................................. 9

*JA Solar Int'l Ltd. v. United States*,
    46 CIT __, 606 F. Supp. 3d 1370 (2022) ..................................... *passim*

*Matra Ams. LLC v. United States*,
    48 CIT __, 681 F. Supp. 3d 1339 (2024) ........................................ 13-14

Statutes

19 U.S.C. § 1677a ............................................................................... 14

19 U.S.C. § 1677b(a) ............................................................................ 8

19 U.S.C. § 1677e(a) ........................................................................... 13

Other Authorities

*Certain Crystalline Silicon Photovoltaic Products From
    Taiwan,* 86 Fed. Reg. 49509 (Sep. 3, 2021) ...................................... 4, 6

# GLOSSARY

| | |
|---|---|
| SEQH | Sequence Number (for transactions reported in the home market sales listing) |
| VAT | Value-Added Tax |

PLAINTIFF COALITION FOR FAIR TRADE IN SHOPPING BAGS'
REPLY BRIEF IN SUPPORT OF RULE 56.2 MOTION
FOR JUDGMENT UPON THE AGENCY RECORD

The Coalition For Fair Trade in Shopping Bags ("Plaintiff" or "the Coalition") submits this reply brief in support of its Motion for Judgment on the Agency Record (ECF No. 22), and in opposition to the response briefs filed by Defendant United States (ECF No. 28) ("*Def. Br.*") and by Defendant-Intervenor Ditar, S.A. (ECF No. 30) ("*Def-Int. Br.*"). For the reasons explained in Plaintiff's initial brief and as further detailed below, this Court should remand with instructions for the Department of Commerce ("Commerce") to reconsider certain aspects of the challenged final determination. *See Certain Paper Shopping Bags From Colombia: Final Affirmative Determination of Sales at Less Than Fair Value,* 89 Fed. Reg. 45843 (Dep't Commerce May 24, 2024), Appx1556, and accompanying Decision Memorandum, Appx1533, (the "*Final Determination*").

# ARGUMENT

I. **COMMERCE ERRED IN CONCLUDING THAT DITAR PROPERLY REPORTED CERTAIN TRANSACTIONS AS HOME MARKET SALES**

As explained in Plaintiff's opening brief, Commerce erred in concluding that Ditar properly reported sales to a certain reseller customer as home market transactions. Although the customer, *i.e.*, [name], was located in Colombia, Appx5787, Ditar knew at the time of sale that the merchandise was not for consumption in Colombia and that [name] intended to export the bags at issue to the United States. *See* Plaintiff's Memorandum of Law in Support of Rule 56.2 Motion for Judgment (ECF No. 22) ("*Pl. Br.*") at 7-14.

In applying the knowledge test, Commerce "considers both a seller's actual knowledge (knew) and constructive knowledge (should have known) of the final destination of the subject merchandise at the time of sale." *JA Solar Int'l Ltd. v. United States*, 46 CIT __, __, 606 F. Supp. 3d 1370, 1373-74 (2022) ("*JA Solar*"). "A demonstration of 'actual' knowledge requires 'an admission' by the foreign producer or exporter that it knew" the destination. *Id*. Alternatively, a demonstration of "constructive" knowledge is "based on all relevant facts and

2

circumstances." *Id.*

Here, the record shows Ditar had *actual knowledge* that the merchandise sold to [ name] in Colombia was destined for export rather than for consumption in Colombia. As stated in the verification report, at the start of verification, Ditar admitted that one of the pre-selected home market sales, *i.e.*, SEQH [ # ], "was the only home market sale made to an unaffiliated party during the POI for which it had knowledge that the merchandise would subsequently be exported to the United States." Appx5776. *See also* Appx5787 (Ditar explained that it "had knowledge that these sales were destined to the United States").[1]

In its response brief, the government does not dispute that Ditar made such statements at verification, but it argues that Commerce appropriately discounted the admission and gave "greater consideration to physical evidence and documentation prepared" at the time of sale.

---

[1] Indeed, not only did Ditar admit that it knew *at the time of sale* that its Colombian customer intended to export the bags at issue to the United States, Appx5776, Ditar also confirmed at verification that – within [ # ] months after the sale – [ sales details ]. Appx5787 (explaining that [ sales details ] involved in the transaction).

3

*Def. Br.* at 46-47. Defendant points to the facts that Ditar did not prepare any export shipping documentation and did collect VAT taxes for the sale. *Id.* at 44-45. According to Defendant, such evidence outweighs *post hoc* statements regarding a respondent's purported knowledge. *Id.* at 42, citing *Certain Crystalline Silicon Photovoltaic Products From Taiwan: Final Results of Antidumping Duty Administrative Review; Partial Rescission of Antidumping Duty Administrative Review; Final Determination of No Shipments; 2019-2020,* 86 Fed. Reg. 49509 (Dep't of Commerce Sep. 3, 2021) and accompanying Issues and Decision Memorandum (Aug. 27, 2021) ("*CSPVs*") at Comment 2.

    We agree with the government that the *CSPVs* litigation is instructive. In that case, respondent ISEC provided "sworn statements of prior knowledge" that merchandise at issue was destined for the United States, but Commerce discounted those "self-serving statements" in light of documentary evidence to the contrary. *CSPVs* at Comment 2. Defendant, however, overlooks that *CSPVs* was reversed on appeal in *JA Solar*. As explained in that opinion,

> The court has acknowledged and previously affirmed Commerce's practice of attaching "more

4

> weight to documentary evidence than to non-contemporaneous statements such as declarations;" however, the context and the record indicate that Commerce's application of that practice in this matter is unreasonable…. Under the undisputed standard that a finding of actual knowledge requires an "admission" by the respondent, Commerce's refusal to afford any weight to ISEC's "self-serving" admission in the underlying proceeding tests the bounds of reasonableness for Commerce's stated practice and cannot be sustained. Accordingly, the court remands Commerce's determination that ISEC lacked knowledge as to the U.S. destination for the sales at issue.

*JA Solar*, 606 F. Supp. 3d at 1379.

Moreover, the court found that Commerce, by weighing admissions of actual knowledge against documentary evidence relating to constructive knowledge, erred in "collapsing" what should be separate actual and constructive knowledge analyses. *Id.* at 1380 ("It appears that Commerce collapsed its determination that ISEC lacked both actual and constructive knowledge, despite the different standards applicable to each"). The Court remanded for Commerce separately to consider whether the respondent had actual or constructive knowledge. *Id.* If the respondent had either actual or constructive knowledge, Commerce was instructed to treat the transactions at issue as U.S.

5

sales. *Id.*

The instant case is far weaker for the government than the decision it defended unsuccessfully in *JA Solar*. Indeed, there is a key distinction between *CSPVs* and this case. In *CSPVs*, the declarations presented by the respondent at verification were "self-serving statements" made to support the respondent's position that it had actual knowledge. *CSPVs* at Comment 2. On appeal, the government distinguished the "rejection of 'self-serving' admissions from Commerce's acceptance of admissions of knowledge in other matters where admissions were against respondent's interest." *JA Solar*, 605 F. Supp. 3d at 1379. Although the court found Commerce's discounting of ISEC's specific admissions to be unreasonable, as a general matter the court conceded that "it may potentially be reasonable for Commerce to apply the knowledge test differently in circumstances where a respondent's admission is 'self-serving' than in circumstances where a respondent seeks to avoid a finding of knowledge." *JA Solar*, 605 F. Supp. 3d at 1379. In other words, because admissions against interest necessarily carry greater reliability than self-serving statements, it is appropriate for Commerce to give them greater weight when applying

6

the knowledge test.

Here, unlike the "self-serving statements" made to support the respondent's position that it had actual knowledge in *JA Solar*, Ditar's statements at verification were admissions against interest that contravene its litigating position that it lacked actual knowledge. Appx5776. *See also Def-Int. Br.* at 4-16. As such, Ditar's admission necessarily is more reliable and probative of actual knowledge than the declarations at issue in *JA Solar*. If it was unreasonable for Commerce to discount ISEC's "self-serving statements" in *JA Solar*, then it certainly was unreasonable to discount Ditar's admissions against interest here.

And, as in *JA Solar*, Commerce erred in collapsing the actual and constructive knowledge tests, as demonstrated by the fact that the government found the lack of evidence of constructive knowledge (*i.e.*, Ditar's collection of VAT and lack of export documentation) outweighed the direct evidence of actual knowledge (*i.e.*, Ditar's admissions against interest). *See Def. Br.* at 46 and Appx1539-1540.

Even if it were permissible to collapse the actual and constructive knowledge tests (which it was not), the documentary evidence relied

7

upon by the government was not probative and could not "outweigh" Ditar's admission of actual knowledge. As explained in Plaintiff's opening brief, under the statute, there are two types of transactions that must be reported as U.S. sales: (1) sales "to an unaffiliated purchaser in the United States" and (2) sales "to an unaffiliated purchaser for exportation to the United States." *Pl. Br.* at 11, citing 19 U.S.C. § 1677a(a). The evidence cited by Commerce bears only upon the first type. The fact that Ditar collected VAT and prepared no export documentation may weigh against the sale at issue having been made directly to a customer located in the United States, but it says nothing whatsoever about whether it was made to a reseller customer located in Colombia with the knowledge and expectation that the customer, rather than Ditar, would export the merchandise to the United States. *See id.* at 11-13.

    Under the normal value provision of the statute, respondents must report sales of the foreign like product "for consumption in the exporting country." 19 U.S.C. § 1677b(a)(1)(B)(i). Thus, "in implementing the provisions of 19 U.S.C. § 1677b(a), sales should be included within the home market database if the producer knew or

8

should have known that the merchandise was… for home consumption based upon the particular facts and circumstances of the case." *Allegheny Ludlum Corp. v. United States*, 24 CIT __, __, 215 F. Supp. 2d 1322, 1330-31 (2000) (internal citations omitted). In its response brief, Defendant cites no evidence that Ditar knew (or should have known) that the merchandise was for consumption in Colombia.

Instead, Defendant contends that the physical and documentary evidence cited by Plaintiff was insufficient to show constructive knowledge at the time of sale that the merchandise was for export. *See Def. Br.* at 46-49. Even putting aside that this ignores dispositive evidence of *actual* knowledge, Defendant's reasoning in this regard is flawed. For example, although Defendant acknowledges the sale at issue involved "plate charges," it contends "there is nothing inherent in the charge that demonstrates a particular destination market." *Def. Br.* at 47. But Defendant simply ignores that, while this may be true in principle, Ditar admitted at verification that plate charges "[ sales terms ]." Appx5776. Similarly, although Defendant acknowledges that the bags at issue "were [ product details ]," *Def. Br.* at 48, citing Appx5214, it argues that "the design of the bag does not

9

– on its own – indicate that the sales were destined for exportation to the United States." *Id*. Again, Defendant simply ignores that, while this may be true in principle, Ditar admitted at verification that "[ product details ]." Appx5776.

In short, the government cites no evidence whatsoever that Ditar had actual or constructive knowledge that the merchandise was destined for consumption in Colombia, as would be required for the transaction to be classified as a home market sale under the statute. And the government cites no evidence contradicting Ditar's admission of actual knowledge that the merchandise sold to [ name ] was to be exported to the United States.

According to the government, "when evidence of a party's knowledge may point in different directions, all that Commerce is required to do is to explain its choice between these two reasonable inferences." *Def. Br.* at 48. But in this case, all of the evidence demonstrates that Ditar had actual knowledge that the merchandise was destined for export by its Colombian customer. The documentary evidence relied upon by Commerce (*i.e.*, collection of VAT taxes and lack of export documentation) may show that Ditar did not itself directly

10

export to the United States, but it does not contradict Ditar's admission of actual knowledge at the time of sale that the bags would be exported by its Colombian customer. There is, therefore, no evidence supporting Commerce's determination and no "choice between {} two reasonable inferences." The only reasonable conclusion from the evidentiary record is that Ditar had actual knowledge that the merchandise was for export and not for consumption in Colombia.

In its brief, Defendant-Intervenor characterizes its admissions at verification as mere "conjecture about the ultimate destination of the merchandise." *Def-Int. Br.* at 13. According to Defendant-Intervenor, "a producer's speculation that the goods ultimately might have been destined for export to the United States is insufficient for a knowledge determination." *Def-Int. Br.* at 13. But the admissions were not presented to Commerce as mere "conjecture" or "speculation." Again, as described in the verification report, Ditar stated that the preselected sale, SEQH [ # ], "was the only home market sale made to an unaffiliated party during the POI for which it *had knowledge* that the merchandise would subsequently be exported to the United States." Appx5776 (emphasis added). *See also* Appx5787 (Ditar explained that

11

it "had knowledge that these sales were destined to the United States").[2] Ditar further "explained that its knowledge was based on the fact that" (1) the transaction reflected [ sales terms

], and (2) "[ product details

]." Appx5776. These admissions of actual knowledge at the time of sale were clear and unequivocal; there is simply no basis for Defendant-Intervenor's self-serving characterization on appeal of those admissions as mere "speculation."

Finally, Defendant-Intervenor argues that it did not become aware that [ name ] had exported the merchandise until long *after* its original sale to [ name ]. *Def-Int. Br*. at 15 and n2. At verification, Ditar confirmed that, [

sales details

]. Appx5787. At the time of the original sale to [ name ], however, even if it lacked awareness of the details and exact timing for those downstream transactions, Ditar "had knowledge that the merchandise would subsequently be exported to the United States," in

---

[2] Although Ditar claimed SEQH [ # ] was the "only home market sale" with this issue, Appx5776, Commerce determined at verification that the bags sold to [ name ] in SEQH [ # ] also were for

12

part because of the [

sales and product details ].

Appx5776.  Ditar, in other words, knew at the time of sale that the merchandise was destined for consumption in the United States.  The knowledge test requires no more.

## II.  COMMERCE ERRED IN FAILING TO CONSIDER THE APPLICATION OF FACTS AVAILABLE

Defendant contends that, because Ditar correctly classified the above-described transactions as home market sales, there was no gap in the record, there was no reason for Commerce to consider the application of facts available pursuant to 19 U.S.C. § 1677e(a).  *Def. Br.* at 53.  For the reasons discussed above, however, the finding that Ditar properly reported the transactions at issue as home market sales is unsupported by substantial evidence and is not in accordance with law.  There is, therefore, a gap in the record.

This Court has made clear that Commerce may not decline to apply facts available unless the decision is supported by substantial evidence and in accordance with law.  *Matra Ams. LLC v. United States*,

---

export to the United States.  Appx5787.

48 CIT __, __, 681 F. Supp. 3d 1339, 1351 and 1374-75 (2024) (remanding where Commerce's decision not to apply facts available was based on findings that were unsupported by substantial evidence). Here, because the predicate finding for the decision not to apply facts available was unsupported by substantial evidence, the failure to apply facts available also must be unsupported by substantial evidence and not in accordance with the law.

Because Commerce's decision not to apply facts available was based on an incorrect factual finding, this case should be remanded so that Commerce can reconsider whether, what kind, and to what extent "gap filling" may be necessary. If Commerce finds on remand that certain transactions should not have been reported as home market sales, Commerce must reconsider whether necessary information is missing from the record or cannot be verified, and whether facts available should be applied under 19 U.S.C. § 1677a.

### CONCLUSION AND PRAYER FOR RELIEF

For the reasons set forth above, Plaintiff requests that the Court enter judgment on the administrative record in its favor and remand the *Final Determination* with instructions for Commerce to reconsider

whether certain transactions were misreported by Ditar as home market sales and, if so, to reconsider whether facts available should be applied when calculating Ditar's dumping margin.

|  |  |
|---|---|
|  | Respectfully submitted, |
| <u>June 18, 2025</u><br>Date | <u>*/s/ Daniel Schneiderman*</u><br>J. Michael Taylor<br>JMTaylor@KSLAW.com<br><br>Daniel L. Schneiderman<br>DSchneiderman@KSLAW.com<br><br>King & Spalding LLP<br>1700 Pennsylvania Avenue, NW<br>Washington, DC  20006-4706<br>(202) 737-0500<br><br>*Counsel for Plaintiff* |

# CERTIFICATE OF COMPLIANCE
# WITH WORD COUNT LIMITATIONS

Pursuant to paragraph 2(B)(2) of the U.S. Court of International Trade's *Standard Chambers Procedures*, the undersigned certifies that this brief complies with applicable word count limitations. Exclusive of the exempted portions, as provided in paragraph 2(B)(1), this brief includes 2,670 words. In preparing this certificate, the undersigned has relied upon the word count feature of the word-processing system used to prepare the submission.

> */s/ Daniel Schneiderman*
> Daniel L. Schneiderman
>
> KING & SPALDING LLP
> 1700 Pennsylvania Avenue, NW
> Washington, DC 20006
> (202) 737-0500
>
> *Counsel for Plaintiff*

June 18, 2025